**ROBERT S. SEVA'AETASI, Claimant**

**v.**

**PAGO PAGO VILLAGE COUNCIL, Objectors**

**[In re Matai Title "SEVA'AETASI" of the Village of Pago Pago]**

High Court of American Samoa
Land and Titles Division

MT No. 3-90

June 10, 1991

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, LOGOAI, Associate Judge, MAILO, Associate Judge, BETHAM, Associate Judge.

Counsel: For Claimant, Asaua Fuimaono
         For Objectors, Tau'ese P.F. Sunia

Robert S. Seva'aetasi (hereafter the "applicant") filed his application with the Territorial Registrar to be registered as the holder of the matai-title "Seva'aetasi" allegedly attached to the village of Pago Pago. In the normal course of things, an applicant for matai-title registration is required to submit, among other things, a "certificate from the chiefs of the village to which the title is attached to the effect that the matai title is an old and traditional title of the Samoan people." *See* A.S.C.A. § 1.0405(b). However, in this instance, the leading chiefs of Pago Pago not only refused certification, but they actually presented the Territorial Registrar with a written objection to the application for registration, stating that the name "Seva'aetasi" was not a matai title attached to the village of Pago Pago. The matter was referred to the Court.

For the village council, High Talking Chief Tuaolo Lemoe, who is 79 years of age and the traditional spokesman for the Pago Pago village council, testified that the only previous user of the name "Seva'aetasi" within the village of Pago Pago was applicant's father, and that in accordance with information which he had received from a great aunt of his, the applicant's father was a gentleman who hailed from the village of Poutasi on the island of Upolu. Tuaolo further testified that applicant's father, Seva'aetasi, was only recognized in the village as a matai taule'ale'a (leading untitled man), and that he had, in his youth, participated with Seva'aetasi in the village aumaga (the organization of untitled men). Seva'aetasi, he continued, was at one time the designated matai taule'ale'a of Leota and at another time the designated matai taule'ale'a of Te'o, consequent to a falling out with the former. Additionally, Tuaolo stated that he had never seen Seva'aetasi sit in the village council.

The applicant, on the other hand, testified that his father had indeed sat in the village council and that he was the first registered holder of the matai title "Seva'aetasi" from the village of Pago Pago, which he claims are appurtenant to the matai title "Seva'aetasi."

In support of his claim to register succession, the applicant submitted a copy of a "Certificate of Matai Name Registration" dated April 28, 1987, issued by the Territorial Registrar, which purports to certify the registration of the title "Seva'aetasi" in one Sasa; the applicant claims that this individual was his father. The certificate, it seems, was based on an entry in the Registrar's "Index of Matai Title Registration" for the village of Pago Pago. This index not only includes the entry "Seva'aetasi," but it also notes that this title was first registered on February 1, 1912, in a person named Sasa.[1]

To demonstrate the existence of village landholding, the applicant first referred us to the early case of *Leota & Fuga v. Seva'aetasi*, No. 1-1929 (1930). Here the Court confirmed much of Seva'aetasi's claim to land "Leiliili," notwithstanding Leota's petition that Seva'aetasi was not a matai. We noted with interest that a significant factor in not granting a new trial was that the trial court had relied heavily on the testimony of none other than the village's leading matai, Mauga. It was Mauga who apparently pointed out to the Court the property line between Seva'aetasi and Leota. We were likewise referred to *Government of American Samoa v. Leota*, No. 248-1964 (1967), a condemnation proceeding involving a number of Pago Pago villagers whose lands were required for the installation of a water tank, a pipeline and an access road. From the Opinion issued, we noted, also with interest, that the conclusions of the Court were based not only upon the testimony received but also upon *stipulation* of the parties that certain lands belonged to the "Seva'aetasi family." The Seva'aetasi family eventually received compensation in the sum of $2,937.00 for some 1.01 acres of its land thus condemned.[2] In our view, the evidence preponderates in favor of applicant, and we find accordingly. First, we cannot, without further evidence, doubt the integrity of the Territorial Registrar's records. Such records, after all, were made in the first place to provide us today with some evidence of a previous generation's understanding. Those records reasonably point to the conclusion that

---

[1]While it is obvious that the index, as highlighted by counsel for the village, has been amended with the aid of white ink, it was also obvious that the amendments did not involve the legible and undisturbed handwritten, original entry, "Seva'aetasi."

[2]Additionally, we were also directed to subsequent cases which affirmed yet further landholdings. *See Fanene v. Tago*, LT No. 1417-74 (1975); *Ta'ita'i v. Sava'aetasi*, 9 A.S.R.2d 118 (1988).

Seva'aetasi did enjoy matai-status recognition in Pago Pago antecedent to the registration of title in 1912. Furthermore, this recognition is also reasonably evident in the referenced land cases. Besides affirming Seva'aetasi landholdings amidst those of other traditional families, the cases also point to the acknowledgement from time to time of that landholding by the people of Pago Pago.

On the foregoing, we conclude that there is a matai title "Seva'aetasi" and that the said title is an ancient and traditional title of the Samoan people. Therefore, upon applicant's compliance with all the other requirements of A.S.C.A. §§ 1.0401 et seq., the title "Seva'aetasi" shall be registered in the applicant Robert S. Seva'aetasi.

It is so ordered.

Mailo, J.:

I respectfully dissent.